THE STATE ON THE RELATION OF THE CITY OF SEA ISLE CITY, A MUNICIPAL CORPORATION OF NEW JERSEY, RELATOR, v. MAURICE M. SOFRONEY, MAYOR OF THE CITY OF SEA ISLE CITY, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANT.

Argued May 6, 1931—Decided June 30, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the relator, *W. Holt Apgar* and *Andrew C. Boswell.*

PER CURIAM.

The city of Sea Isle City, the relator is a commissioned' governed city of three commissioners under *Pamph. L.* 1911, *ch.* 221, *p.* 462, and the supplements thereof and amendments thereto. One of the commissioners of the city, and the commissioner chosen as its mayor, is Maurice M. Sofroney, the defendant. As the commissioner chosen as its mayor, he is under the statute the director of the department of public affairs and of the department of public safety. Hiram C. Love is a commissioner and the director of the department of streets and public improvements and of the department of parks and public property; Earl M. Waddington is the·

·other commissioner and is the director of the department of revenue and finance. By a resolution adopted May 21st, 1929, all disbursements are made on order (check) of the board of commissioners, signed by the mayor, or acting mayor, and the city clerk, and counter-signed and accepted by the treasurer.

At a regular meeting of the board of commissioners, held on August 19th, 1930, there was presented for payment the following bills: General Electric Supply Corporation of Philadelphia, $111; Seashore Supply Company, Atlantic City, New Jersey, $80.19; Mueller Company, Incorporated, Bronx, New York, $156.87; Electric Controller and Manufacturing Company, $11.56, and William Mann Company, Philadelphia, Pennsylvania, $15.63. These bills were properly itemized and sworn to and there is no question, and there was no question, of the honesty of the bills; that the services and supplies embraced therein were reasonably necessary to the needs and benefit of the city, and that the services and supplies went into the departments of the commissioner who authorized the bills. The mayor, as one of the three commissioners, objected to the approval of the bills on the sole ground that the work and materials had not been authorized by the board of commissioners, as a board, before the individual commissioner had ordered the work and materials. On roll call the bills were approved by the board of commissioners, Love and Waddington voting "aye" and Sofroney voting "nay." Checks for the payment of the bills were regularly made out, signed by the city clerk and treasurer and presented to the mayor for his signatures. He refused to sign the checks and still does refuse to sign the checks. Upon the application of the city, there was issued a rule to show cause why a *mandamus* should not be issued, commanding the mayor to sign the checks.

It is not necessary now to pass on how far the director of a department of a commission governed city can go in contracting debts for the needs of his department without first getting authority from the commissioners as a board, since it is admitted that these bills would have been entirely legal if they had been ordered by the whole board. Therefore, even

though the work and materials had been irregularly ordered (which we do not so decide) the subsequent assent and ratification by the majority vote of the board of commissioners convert the bills in this case into legal debts.

This is not an application to compel the city to pay a debt; it is an application to compel the mayor to do a merely ministerial act—append his signatures to the checks for the payment of the bills regularly ordered paid by the majority vote of the commissioners. He, as mayor, has no veto power. There is no dispute about the facts and the law is with the applicant for the writ. *Ahrens* v. *Fiedler,* 43 *N. J. L.* 400; *Cory* v. *Freeholders of Somerset,* 44 *Id.* 445; *Cory* v. *Freeholders of Somerset,* 47 *Id.* 181; *Bourgeois* v. *Freeholders of Atlantic,* 82 *Id.* 82; *American LaFrance Fire Engine Co.* v. *Seymour,* 72 *Id.* 92.

A peremptory writ of *mandamus* should issue, with costs.